# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| SCOTT MICHAEL KOLSRUD, Plaintiff, vs. UNITED STATES OF AMERICA, Defendant. | No. C07-1031-LRR<br>No. CR07-1001-LRR<br><br>ORDER |

      This matter appears before the court on Scott Michael Kolsrud's motion for relief from judgment (docket no. 30). Scott Michael Kolsrud ("the movant") filed such motion on November 3, 2009. The government did not file a resistance, and the court did not order the government to do so.

      The movant does not cite to or rely on a particular rule, *see, e.g.*, Fed. R. Civ. P. 60, and he did not follow the local rules, *see, e.g.*, LR 7. Apart from failing to cite an applicable rule and failing to follow the local rules, the movant merely references his appellate cases. The records of the movant's appellate cases do not establish a reason that justifies relief.

      In Appellate Case #08-3567, the movant filed an application for a certificate of appealability regarding his motion under 28 U.S.C. § 2255. The Eighth Circuit Court of Appeals denied a certificate of appealability and dismissed the movant's appeal. In Appellate Case #09-2224, the movant filed a petition for permission to file a successive motion under 28 U.S.C. § 2255. The government opposed the movant's petition for permission to file a successive motion under 28 U.S.C. § 2255 but went on to suggest that the Eighth Circuit Court of Appeals should consider granting other relief. Specifically, the government stated the following:

> [The movant] timely filed his first pro se [motion under 28 U.S.C. § 2255] and, albeit inartfully and unclearly, later appears to have raised a *Begay* issue. The district court denied the [motion under 28 U.S.C. § 2255] without deciding whether this issue was properly added to [the movant's] then-pending [motion under 28 U.S.C. § 2255], whether *Begay* applies retroactively or whether [the movant] had a meritorious *Begay* claim.
>
> . . .
>
> Because [the movant] may have timely raised a meritorious *Begay* issue for which there is no other avenue of redress, [the Eighth Circuit Court of Appeals] may wish to recall its mandate in [Appellate Case #08-3567], withdraw its January 14, 2009 judgment denying a certificate of appealability and remand [the] case to the district court for consideration solely of [the movant's] *Begay* issue. The [government] does not object to this being done.

The Eighth Circuit Court of Appeals denied the movant's petition for permission to file a second or successive motion under 28 U.S.C. § 2255. Additionally, the Eighth Circuit Court of Appeals took no other action even though the government invited it to afford other relief to the movant. Lastly, in Appellate Case #09-2644, the movant appealed the court's decision not to reduce his sentence. The Eighth Circuit Court of Appeals summarily affirmed the court. Although the movant requested rehearing by a panel in light of the government's position regarding other relief that the Eighth Circuit Court of Appeals might provide to him, the Eighth Circuit Court of Appeals denied his request.

The movant's appellate records clearly establish that the movant repeatedly requested relief based on *Begay v. United States*, ___ U.S. ___, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008), and that the Eighth Circuit Court of Appeals decided relief should not be granted. Because the Eighth Circuit Court of Appeals already addressed the issue raised in the movant's instant motion on direct appeal, a review of it is unnecessary. *See United States v. Wiley*, 245 F.3d 750, 751 (8th Cir. 2001) (making clear that courts are unable to disturb issues conclusively resolved on direct appeal) (citing *United States v.*

2

*McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000)); *Dall v. United States*, 957 F.2d 571, 572-73 (8th Cir. 1992) (concluding claims already addressed on direct appeal could not be raised); *United States v. Kraemer*, 810 F.2d 173, 177 (8th Cir. 1987) (concluding movant "cannot raise the same issues [. . .] that have been decided on direct appeal or in a new trial motion"); *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981) (stating that "[i]t is well settled that claims which were raised and decided on direct appeal cannot be relitigated . . . ."); *Butler v. United States*, 340 F.2d 63, 64 (8th Cir. 1965) (concluding movant is not entitled to another review of his question).

Nonetheless, like the Eighth Circuit Court of Appeals, the court does not believe that it is appropriate to grant relief from the judgment that entered against the movant on October 9, 2008. The movant and the government misstate what the court did when it addressed the movant's motion under 28 U.S.C. § 2255. The court assumed without deciding that the movant properly added an ineffective assistance claim pertaining to *Begay* and it addressed the merits of such claim. Specifically, in its October 9, 2008 order, the court stated the following:

> The only issue which warrants discussion is the movant's reference to *Begay*, which held that driving under the influence of alcohol is not a violent felony for purposes of the Armed Career Criminal Act. ___ U.S. at ___, 128 S. Ct. at 1583; *see also United States v. Williams*, 537 F.3d 969, 971-73 (8th Cir. 2008) (examining *Begay* and "crime of violence" language that is utilized in USSG §2K2.1(a)). Although he does not specifically allege that counsel provided ineffective assistance when he failed to challenge on direct appeal the court's conclusion that a second offense for operating a vehicle while intoxicated constitutes a crime of violence for purposes of USSG §2K2.1(a)(4), counsel is not required to raise a futile argument. The movant's attorney, among other things, argued that a second offense for operating a vehicle while intoxicated should not constitute a predicate for purposes of USSG §2K2.1(a)(4)(A) because it is not a crime of violence and that the movant's aggravated misdemeanor conviction does not qualify as a felony. At the time of the movant's sentencing,

3

the Eighth Circuit Court of Appeals had determined: (1) that a felony conviction for driving while intoxicated qualified as a violent felony for purposes of the Armed Career Criminal Act, *see United States v. Wells*, 469 F.3d 716, 720-21 (8th Cir. 2006); *United States v. Webster*, 442 F.3d 1065, 1067-68 (8th Cir. 2006); *United States v. McCall*, 439 F.3d 967, 972 (8th Cir. 2006); (2) that a felony conviction for driving while intoxicated qualified as a crime of violence for purposes of USSG §2K2.1(a), *see Wells*, 469 F.3d at 721 (citing *United States v. Spudich*, 443 F.3d 986, 987 (8th Cir. 2006); and (3) that an aggravated misdemeanor, which is punishable under Iowa law by a term of imprisonment of up to two years, falls within the definition of a "felony" under the United States Sentencing Guidelines, *see United States v. Postley*, 449 F.3d 831, 832 (8th Cir. 2006). Further, the court sentenced the movant on July 31, 2007, the Supreme Court granted a writ of certiorari in *Begay* on September 25, 2007, the parties argued *Begay* on January 15, 2008 and the Supreme Court decided *Begay* on April 16, 2008. Given the arguments presented by counsel at the movant's sentencing, the date that judgment entered against the movant and the timing of *Begay*, the court finds that the movant is not entitled to relief based on the Sixth Amendment. *See Strickland*, 466 U.S. at 689, 692-94; *cf. Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002) (concluding that counsel's decision not to raise issue unsupported by then-existing precedent did not constitute ineffective assistance).

The court's previous resolution of the movant's *Begay* claim comports with the law in the Eighth Circuit Court of Appeals. *Cf. Toledo v. United States*, 581 F.3d 678, 679-81 (8th Cir. 2009) (making clear that counsel is not accountable for unknown future changes in the law).

In sum, the movant's instant motion does not comply with the local rules, the Eighth Circuit Court of Appeals already conclusively determined that relief is not warranted and the court correctly decided the movant's *Begay* claim on October 9, 2008. Accordingly, the movant's motion for relief from judgment shall be denied.

**IT IS THEREFORE ORDERED**:

The movant's motion for relief from judgment (docket no. 30) is DENIED.

**DATED** this 4th day of November, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA